TROTTER *v.* PRUDENTIAL INSURANCE COMPANY OF AMERICA, INC.

INSURANCE—LIFE INSURANCE—EFFECTIVE DATE OF POLICY.
Finding of trial court that application for life insurance and receipt issued were not ambiguous as to when insurance should become effective, and that where the first month's premium, or initial premium, had not been paid no liability had been created in favor of beneficiary named in the application, notwithstanding lapse of 10 weeks between date of application and death of applicant without payment or tender of payment of the remainder of first full premium *held,* justified, under record presented.

REFERENCES FOR POINTS IN HEADNOTE
29 Am Jur, Insurance §§ 314, 512.

Appeal from Genesee; McGregor (Louis D.), J. Submitted January 6, 1965. (Calendar No. 14, Docket No. 50,561.)  Decided March 1, 1965.

Declaration by George W. Trotter against Prudential Insurance Company of America, Inc., a foreign insurance corporation, for payment of the proceeds of a life insurance policy which named plaintiff beneficiary.  Judgment for defendant. Plaintiff appeals.  Affirmed.

*D. Bruce Wistrand (Donald T. Butler,* of counsel), for plaintiff.

*Hoffman & Rubenstein (Gilbert Y. Rubenstein,* of counsel), for defendant.

BLACK, J.  Defendant-appellee's counter-statement exhibits with clarity the question brought up by this appeal:

"Where both the application for a policy of life insurance and the 'conditional receipt' expressly provide that no insurance shall take effect unless the full first premium for the policy is paid, does the payment of $16.68 (the first monthly premium being $89.60) give rise to a cause of action for the proceeds (following death of the applicant) on a theory that acceptance of the application is to be implied from alleged unreasonable delay in acting thereon?"

There is no dispute about the facts.  Ruth V. Johnson, plaintiff's sister, applied in writing August 3, 1961, to the defendant insurer for insurance of her life in the sum of $12,000.  The stipulated premium (to be paid monthly) was $89.60.  Mrs. Johnson paid the soliciting agent $16.68 only at the time of application and received from him a "conditional receipt" which, as will presently appear, de-

termined exclusively the rights and obligations of the parties. The receipt, copied in full, appears at end of this opinion as an appendix.

Mrs. Johnson died October 12, 1961, no policy having been prepared and no further dealings or conversations between the parties having taken place. This suit, the nature of which is indicated by the quoted counter-statement, followed defendant's subsequent notice of rejection of the application. It resulted in a judgment for defendant, entered on motion assigning failure of plaintiff to state a claim upon which relief could be granted. Plaintiff has appealed.

No question of fraud is involved. The facts requisite to determination of the reviewable question appear in the written undertakings of the contracting parties as evidenced by the application for insurance and the receipt. The litigant parties agree that the application and the receipt are materially consistent. The application specifies choice by the applicant of the insurer's monthly premium payment plan; specifies that the amount paid "in advance" is $16.68, and answers "No" to the presented question, "Does this equal or exceed first premium?".

Judge McGregor, in his opinion for grant of defendant's motion for summary judgment, analyzed properly the applicable portion of the conditional receipt. Having referred to controlling paragraph "B" thereof, and having noted that "the first month's premium or initial premium was not paid," the judge found "no ambiguity in any of the terms of the application or the receipt issued to the deceased as to when the insurance becomes effective." Upon such findings the reviewed judgment was entered.

We concur with such findings and application of legal principles thereto. It is not claimed on review that the application and receipt are ambiguous, or that they are interpretively difficult of application

to the conceded facts; hence the recent decision of *Van Koevering* v. *Manufacturers Life Ins. Co.* (DC WD Mich) 234 F Supp 786, does not apply.* Nor does *Wadsworth* v. *New York Life Insurance Co.,* 349 Mich 240, provide any aid for plaintiff. The governing fact in this case, the contrary being so in *Wadsworth,* is that the applicant *failed at any time to pay the stipulated "first full premium" of $89.60.* On that account no duty on the part of the insurer arose, either under the receipt or by force of any other or additional pleaded fact, there being no ambiguity or dispute of fact as in *Van Koevering* and it not being claimed that Mrs. Johnson availed herself of that which appears at the conclusion of the receipt, namely:

"Note—Unless the proposed owner receives a policy or the money is returned within six weeks from the date of this receipt, please notify The Prudential Insurance Company of America, giving the amount paid, date of payment, and name of person to whom paid. (See reverse for mailing address.)"

If, during that few days between expiration of the six-week period and the date of her death, Mrs. Johnson had "notified" the insurer and had paid or tendered payment of the remainder of that agreed "first full premium," the case would be here in altogether different posture. Such, however, was not done.

On the face of the pleadings and pretrial summary the result reached below was fully justified. Judgment affirmed. Costs to defendant.

Kavanagh, C. J., and Dethmers, Kelly, Souris, Smith, O'Hara, and Adams, JJ., concurred.

---

* Since submission of this case counsel for plaintiff—by letter—has cited to us the *Van Koevering Case.* He does not advise, however, of contention (as upheld in *Van Koevering*) that parol evidence is both admissible and necessary to decision of this plaintiff's claim.

*APPENDIX*

("Conditional receipt" considered in opinion.)

"CONDITIONAL RECEIPT
THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA

Aug. 3, 1961

"Received from Mrs. Ruth Johnson the sum of $16.68, being payment on account of a policy applied for on the life of Ruth Johnson (proposed insured) in The Prudential Insurance Company of America.

"If the required and completed part 1 and the required and completed part 2 of the application and such other information as may be required by the company are received by the company at one of its home offices and if the company after the receipt thereof determines to its satisfaction that the proposed insured was insurable on the later of the dates of said parts 1 and 2 on the plan, for the amount, for the benefits, at the premium rate applied for, and for preliminary term insurance if requested, then:

"(A) if preliminary term insurance was requested and if the above payment was made at the time of signing part 1 of the application and is at least equal to the full premium for such preliminary term insurance, the preliminary term insurance shall take effect as of the later of the dates of the required and completed parts 1 and 2 of the application; and the insurance under the policy, in accordance with and subject to the terms and conditions of the policy, shall take effect as of the policy date stated in the policy;

"(B) if preliminary term insurance was not requested and if the above payment was made at the time of signing part 1 of the application and is at least equal to the full first premium for the policy applied for according to the interval of premium payment selected by the applicant, the insurance under the policy, in accordance with and subject to the terms and conditions of the policy, shall take

·effect as of the later of the dates of the required and completed parts 1 and 2 of the application (or an earlier date if requested in the application and permitted by the rules of the company) except that if on request the policy is to bear a date later than either of said parts 1 and 2, no insurance shall take ·effect until such later date and then only if the proposed insured is living and all of the answers to the questions in part 1 and part 2 of the application continue to be true and complete answers as of such later date.

"In all cases where insurance does not take effect as described above, no insurance shall take effect and the above payment will be refunded by the company unless: (a) a policy is issued by the company and delivered to and accepted by the proposed insured or by the applicant if other than the proposed insured during the lifetime of the proposed insured, and (b) all of the answers to the questions in part 1 and part 2 of the application continue to be true and complete answers as of the date of delivery of the policy, in which case: (A) if the policy was issued with preliminary term insurance and if the premium for such preliminary term insurance is paid, the preliminary term insurance shall be deemed to have taken effect as of the date stated in the preliminary term insurance agreement, and the insurance under the policy, in accordance with and subject to the terms and conditions of the policy, shall be deemed to have taken effect as of the policy date stated in the policy; (B) if the policy was issued without preliminary term insurance and if the full first premium for the policy is paid, the insurance under the policy, in accordance with and subject to the terms and conditions of the policy, shall be deemed to have taken effect as of the policy date stated in the policy.  Any delay in refunding the above payment before or after the demise of the proposed insured shall not be construed to create a contract of insurance or any liability on the company, except for a return of the above payment.

"No agent has the authority to waive the answer to any question in any application for insurance, to modify any application, or to bind the company by making any promise or representation or by giving or receiving any information.

"This receipt is issued on the condition that any check, draft or other order for the payment of money be good and collectible.

"Note—Unless the proposed owner receives a policy or the money is returned within 6 weeks from the date of this receipt, please notify The Prudential Insurance Company of America, giving the amount paid, date of payment, and name of person to whom paid.   (See reverse for mailing address.)

Joseph L. Boker Agent
Flint District"